IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES EDWARD GREER,

    Defendant.

8:08CR132

MEMORANDUM AND ORDER

This matter is before the court on the defendant's successive motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, Filing No. 161, and motion for release, Filing No. 168. The court held a hearing on the motion on May 27, 2016. The government conceded the motion. This Memorandum and Order supplements findings made on the record at the hearing.

The defendant was charged with being a felon in possession of a firearm, a crime punishable by up to ten years' imprisonment. 18 U.S.C. § 922(g)(1). Filing No. 1, Indictment. The government later filed an information of prior convictions based on convictions for burglary, robbery and assault on a correctional officer. Filing No. 51. After a trial, the defendant was found guilty by a jury. Filing No. 84, Verdict. On January 9, 2009, this court found defendant Greer was an Armed Career Criminal and sentenced him to 188 months imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), which provides a mandatory minimum sentence of 15 years in the case of a person who violates § 922(g)(1) and has three previous convictions for violent felonies or serious drug offenses. *See* Filing No. 95, Text Minute Entry; Filing No. 100, Judgment.

The defendant seeks relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that imposing an increased sentence pursuant to the residual clause of the Armed Career Criminal Act ("ACCA"), § 924(e)(2)(B)(ii), violates due process under the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563. That clause defined "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2557. The Court found it unconstitutionally vague in violation of due process of law. *Id.* The decision in *Johnson* was given retroactive effect in cases on collateral review by the Supreme Court. *Welch v. United States*, 136 S. Ct. 1257, 1265 (April 18, 2016). The defendant sought and was granted permission to pursue a *Johnson* claim for relief in a successive habeas petition. *See* Filing No. 158.

The parties agree that the defendant's offense level under the Guidelines is 24 and his criminal history category is IV. *See* Filing No. 97, Presentence Investigation Report at 6-7, 10. His range of imprisonment under the Guidelines is 77 to 96 months. United States Sentencing Commission <u>Guidelines Manual</u>, Sentencing Table. His fine range is $10,000 to $100,000. U.S.S.G. § 5E1.2(c)(3) (2009).

The government concedes that under *Johnson*, the defendant no longer qualifies as an Armed Career Criminal and is not subject to a mandatory minimum sentence of fifteen years. The defendant has already served more than his advisory sentencing guideline range, having served 97 months on his sentence. The court finds the defendant entitled to relief under § 2255 because, in light of *Johnson*, his sentence violates due process of law. The court finds the defendant's custodial sentence should be vacated and the defendant should be resentenced to time served. His sentence

includes a period of supervised release of three years, subject to the same terms and conditions previously entered.

IT IS ORDERED that:

1. The defendant's motion to vacate, set aside and correct his custodial sentence ([Filing No. 161](#)) and motion for release ([Filing No. 168](#)) are granted.

2. The defendant is resentenced to time served with a three-year term of supervised release, subject to the same terms and conditions as previously entered.

3. An Amended Judgment in conformity with this Memorandum and Order will issue this date.

Dated this 27th day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge